Clifford S. Davidson, OSB No. 125378
csdavidson@swlaw.com
Raminta A. Rudys, OSB No. 066806
rrudys@swlaw.com
SNELL & WILMER L.L.P.
One Centerpointe Drive, Suite 170
Lake Oswego, OR 97035
Telephone: (503) 624-6800
Facsimile: (503) 624-6888

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| TEFINCOM S.A. d/b/a NordVPN, a Panama corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>KEVIN VADALA a/k/a Tom Spark, an individual,<br><br>        Defendant. | Case No. 3:20-cv-1470<br><br>COMPLAINT<br>For false advertising and unfair competition in violation of<br>15 U.S.C. § 1125(a) |

## INTRODUCTION

1. Plaintiff Tefincom S.A. d/b/a NordVPN ("Plaintiff" or "NordVPN") sues Kevin Vadala, who creates YouTube videos and other Internet content using the name Tom Spark ("Defendant" or Vadala"), to stop his violations of the Lanham Act and to seek damages.

2. Vadala purports to be an objective virtual private network ("VPN") industry expert who publishes "unbiased" reviews on the Internet, including on his and others' websites and on YouTube. In reality, Vadala is heavily compensated for referrals from various VPNs whose

Page 1 – COMPLAINT
4838-1065-4149

Snell & Wilmer
One Centerpointe Drive Ste 170
Lake Oswego, Oregon 97035
503.624.6800

products he hawks and with whom NordVPN competes. Vadala does not properly disclose his compensation arrangements with the VPN providers, rendering his advertisements on their behalf false and misleading under the Lanham Act. Furthermore, Vadala's advertisements are false and misleading because they contain false assertions of fact or falsely imply undisclosed facts.

## PARTIES

3.     NordVPN is an entity organized and existing under the laws of the Republic of Panama.

4.     Vadala is a citizen of the State of Oregon and resides in either Portland or Beaverton. Online, he uses the name and persona "Tom Spark."

## JURISDICTION AND VENUE

5.     The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121(a) because NordVPN's claims arise under 15 U.S.C. § 1125(a), the Lanham Act.

6.     The Court has personal jurisdiction over Vadala because he is a citizen of the State of Oregon.

7.     Venue is proper in this District, and in the Portland Division, pursuant to 28 U.S.C. § 1391(b) and LR 3-2(a)(1), because Vadala resides in either Washington County, Oregon or Multnomah County, Oregon, and a substantial part of the events or omissions giving rise to this lawsuit occurred there.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

8.     NordVPN is one of the most trusted online VPN security solutions and has over 12 million users worldwide. VPNs provide a way to securely access apps, websites and entertainment platforms. VPNs prevent third parties, including Internet Service Providers ("ISPs"), from seeing or monitoring online activity, and enable users to change their IP addresses and redirect their connections to the Internet using remote servers.

Page 2 – COMPLAINT
4838-1065-4149

Snell & Wilmer
One Centerpointe Drive Ste 170
Lake Oswego, Oregon 97035
503.624.6800

9. NordVPN is thought to be one of the largest (if not the largest) VPN providers. NordVPN offers military-grade encryption with advanced privacy solutions to ensure that users have secure access to online resources.

10. Vadala purports to be an "objective" VPN reviewer. He "reviews" VPNs on his websites (www.vpntierlist.com, www.best10vpn.com), his YouTube channel (Tom Spark Reviews), and his Internet posts (including his posts as "newslooter" on the Reddit Subreddit r/virtualprivatenetwork and his posts on Discord).

11. For example, on his website www.vpntierlist.com, Vadala purports to offer "objective non-sponsored" reviews of various VPNs. Vadala states that "[m]ost other VPN reviewers on YouTube or the internet are paid shills bought off by VPN companies and high commission rates. You won't find that here." *See* www.vpntierlist.com.

12. But Vadala is no different than the shills he calls out.

13. Vadala purports to rank several VPN providers, including but not limited to TorGuard and NordVPN. *See* https://www.vpntierlist.com/vpn-tier-list/. Vadala ranks TorGuard in his "TIER 1 Gold Tier," doling out a 4.90 (out of 5.0) ranking to TorGuard. *Id.* NordVPN, in contrast, is listed in the "TIER 3 (Below Average Tier)," with a "score" of only 2.5. *Id.* While Vadala states that he has "rated over 50+ VPN providers within the last year by rating their pricing, applications, speed, reputation, customer support, and streaming compatibility," *see* https://www.vpntierlist.com/, nowhere does he disclose the purported methodology he uses to "rate" a VPN provider's "pricing, applications, speed, reputation, customer support, and streaming compatibility."

14. That is because Vadala's rankings are little more than a thinly veiled effort to drive traffic to his favored VPN companies. His motive for doing so is simple: he gets paid when customers purchase those VPN companies' products after following links from Vadala's sites and videos. One VPN company Vadala promotes, TorGuard, has gone so far as to issue a 50% discount

Page 3 – COMPLAINT
4838-1065-4149

Snell & Wilmer
One Centerpointe Drive Ste 170
Lake Oswego, Oregon 97035
503.624.6800

code "TOMSPARK," Vadala's Internet persona, that new TorGuard customers may use when purchasing TorGuard products—as Vadala has announced in his YouTube videos. *See, e.g.*, *https://www.youtube.com/watch?v=y6zUtEKxynU* at timestamp 1:10 to 01:30 (accessed Aug. 26, 2020). NordVPN is informed and believes, and on that basis alleges, that Vadala receives payments or other items of value when customers use that discount code.

15. Vadala does not disclose his financial arrangements with VPN companies on his website's homepage or rankings page. Although he states on his YouTube channel (at the very bottom of a dropdown menu that visitors do not need to click on to watch his videos) that he is "affiliated" with some unspecified VPNs, he does not disclose his financial arrangements and certainly does not do so conspicuously.[1]

16. Vadala's failure to disclose his monetary incentives—clearly and conspicuously—violates the endorsement guidelines issued by the Federal Trade Commission. While those guidelines are not actionable in-and-of themselves, federal courts look to them to define an unfair or deceptive practice in the context of Lanham Act claims.

17. Vadala consistently rates NordVPN poorly—because NordVPN's competitors pay him to.

---

[1] Vadala does have a "FAQ" page. *See* https://www.vpntierlist.com/faq/. He leads the "FAQ" with the "Question" of "Why trust Tom Spark for his VPN Reviews?" followed by the "Answer": "I have been reviewing VPNs since 2015, and I've always done it by myself. Lots of 'VPN review' sites or YouTube channels are run by VPN companies or marketing companies just trying to make a quick buck. I've been doing it solo this entire time, which makes it easier for you to understand who is reviewing the VPN and how I form my opinions." *Id.* Only then does Vadala provide a cryptic reference to actually being paid by the companies he reviews: "I make money through affiliations, which means when you click a link, I make a small cutback—usually between 20-30%." *Id.* But then, incredibly, Vadala follows this up with the statement that he does not "work for VPN companies like TorGuard." *Id.* Vadala's (buried) purported "disclosure" of being paid through "affiliations," especially when coupled with his claim to be "objective" and to not to work for companies like TorGuard that he promotes, is wildly insufficient to save him from a false advertising claim. In other public statements, Vadala has claimed that he is "in no way connected to" TorGuard.

Page 4 – COMPLAINT
4838-1065-4149

Snell & Wilmer
One Centerpointe Drive Ste 170
Lake Oswego, Oregon 97035
503.624.6800

18.     Furthermore, Vadala repeatedly has accused NordVPN of illegal and untoward conduct. For example, he has accused NordVPN of blackmailing one of NordVPN's competitors, "using botnet software," telling NordVPN's customers' ISPs what the customers did "while torrenting," "giv[ing] virus[es]," "doxing" Vadala, using "fraudulent" servers, "paying for downvotes" on Vadala's YouTube videos, and "leaking" the credentials of NordVPN users. All of these allegations, which are presented as facts by someone who claims to have evaluated the product and to have inside knowledge, are false.

19.     Taking Vadala at his word, he has evaluated NordVPN's product and therefore knows or should know that his statements of purported fact are false.

20.     NordVPN has suffered injury based on Vadala's conduct. Numerous comments on Vadala's websites, YouTube channel, Discord channel and/or subreddit indicate that customers who were considering purchasing NordVPN did not do so based on Vadala's comments. Furthermore, NordVPN has suffered reputational injury, cognizable under the Lanham Act, based on Vadala's false statements.

## FIRST CLAIM FOR RELIEF

(Violation of 15 U.S.C. § 1125(a))

21.     Plaintiff incorporates the foregoing allegations by reference as though set forth here in full.

22.     As described above, Vadala made one or more false statements of fact in a commercial advertisement about a product in that he (a) failed to disclose that he is compensated based on traffic to, and purchases of, certain VPNs, and (b) made false or misleading statements about NordVPN and its product.

23.     The statement(s) actually deceived or had the tendency to deceive a substantial segment of Vadala's audience, as evidenced by the comments on the Vadala's websites, YouTube channel, Discord channel and/or Subreddit.

Page 5 – COMPLAINT
4838-1065-4149

Snell & Wilmer
One Centerpointe Drive Ste 170
Lake Oswego, Oregon 97035
503.624.6800

24. The deception is material in that it is likely to influence the decision to purchase NordVPN, and in that it already has influenced Internet users' decision of whether to purchase NordVPN.

25. Vadala caused his false statements to enter interstate commerce, or he used an instrumentality of interstate commerce to transmit them.

26. NordVPN has been, and is likely to be, injured as a result of the false statements and failure to meaningfully disclose his financial arrangements with the VPNs he purports to "objective[ly]" rate.

WHEREFORE, NordVPN requests the following relief:

A. Damages according to proof, including Defendants' ill-gotten gains, Plaintiff's reputational harm, Plaintiff's lost profits, and for corrective advertisements;

B. An award of three-times Plaintiff's actual damages according to proof;

C. Injunctive relief including (1) the prohibition of further false or misleading advertising, (2) the removal of false and misleading advertisements, and/or (3) requiring Vadala to disclose—immediately beneath and/or in any YouTube video, or conspicuously on the homepage of any website on which Vadala rates or evaluates VPNs—that Vadala may earn monetary incentives if visitors purchase goods or services using the links provided on Vadala's sites;

D. An award of NordVPN's costs, attorney's fees, and expenses;

E. An award of pre-judgment and post-judgment interest on the damages awarded at the highest rates allowed by law; and

/ / /

/ / /

/ / /

Page 6 – COMPLAINT
4838-1065-4149

Snell & Wilmer
One Centerpointe Drive Ste 170
Lake Oswego, Oregon 97035
503.624.6800

C. Such other and further relief as the Court deems just or necessary.

Dated: August 27, 2020									SNELL & WILMER L.L.P.

By /s/ Clifford S. Davidson
Clifford S. Davidson, OSB No. 125378
Raminta A. Rudys, OSB No. 066806

Attorneys for Plaintiff

Snell & Wilmer
One Centerpointe Drive Ste 170
Lake Oswego, Oregon 97035
503.624.6800